BOLLA *v.* REID.

MORTGAGES—RELEASE—CLOUD ON TITLE—CORPORATIONS.

Subscribers to stock in real estate corporation who were promised free and clear lots for certain amount paid for capital stock are entitled to have their lots released from mortgage thereafter executed without their consent by corporation for benefit of parties who had knowledge of subscribers' rights.

Appeal from Monroe; Root (Jesse H.), J. Submitted June 2, 1931. (Docket No. 9, Calendar No. 35,518.) Decided October 5, 1931. Rehearing denied December 8, 1931.

Bill by Albert Bolla and another against John M. Reid and others to remove a cloud on title. Decree for plaintiffs. Defendants Reid and others appeal. Affirmed.

*Frederic T. Harward,* for appellants.

*Stevenson, Butzel, Eaman & Long* (*Victor W Klein,* of counsel), for appellees.

NORTH, J. In September, 1924, John M. Reid and wife entered into a contract to sell substantially 650 acres of land in Monroe county to the Lake Erie Land Company, a Michigan corporation, which later changed its corporate name to Lagoona Beach Company. Subsequently defendants Nichols and Hoyt acquired a portion of the vendor's interest in the property. The sale by Mr. and Mrs. Reid was in contemplation of developing, platting, and disposing of the property by the defendant corporation. Promotion of the enterprise was largely in the hands of the defendant Ellmann. The plan of development provided that for each $5,000 invested in stock of the corporation by one subscribing the articles of association such subscriber should be given a war-

ranty deed to a lot. This provision was embodied in the written contract wherein the vendors agreed to join in such conveyance. Certain conditions precedent to delivery of such deeds were specified but all of these conditions were subject to the following:

"'Provided, that, in any event, each such deed shall be delivered * * * to the grantee named therein five years after the date of such deed.''

Under the foregoing arrangement plaintiffs invested $20,000 and by the method of allotment adopted they claim they became entitled under the terms of the contract to warranty deeds of lots 25, 31, 33, and 37 free from incumbrance.

Incident to a plan for refinancing, the fee title (excepting certain lots) was conveyed by the vendors to the corporation by warranty deed dated July 30, 1926, recorded August 4, 1926, and a purchase price mortgage for $305,000, dated August 3, 1926, was given to the Union Trust Company. This mortgage was held by the trust company for the benefit of defendants Reid, Nichols, and Hoyt. It covered the lots to which plaintiffs claim title. Plaintiffs made repeated demands for deeds to their lots; finally deeds dated November 22, 1926, and recorded December 30, 1926, were delivered to plaintiffs, but in each instance the conveyance was subject to the Union Trust Company mortgage. Before delivery the conveyances were recorded by the grantor, seemingly in accordance with a resolution passed at the meeting of December 20, 1926. There is a conflict in the testimony as to these deeds having been accepted by the grantees. However, we find the record sustains the circuit judge, who in this particular said:

"Under date of November 22, 1926, deeds were executed by the Lagoona Beach Company to the

plaintiffs of the lots given them under the so-called second allotment, and recorded by the company on December 30, 1926. After recording they were mailed or delivered to plaintiffs who, though they held the physical possession of them, have never accepted them.''

After receipt of the deeds plaintiffs sought to have their lots released from the Union Trust Company mortgage on the ground that all the parties having a beneficial interest under the mortgage had knowledge before its execution of plaintiffs' prior rights to the lots in question. Not obtaining such releases, plaintiffs filed the bill of complaint herein to obtain such relief. From a decree granting the relief sought defendants have appealed.

The defense urged is that by reason of corporate action in which plaintiffs acquiesced, their rights in these lots became subject to the mortgage. In this connection the following facts are pertinent. October 10, 1925, a supplemental contract was entered into between the defendant corporation and Mr. and Mrs. Reid. It referred specifically to the provisions in the September, 1924, contract under which plaintiffs now assert their right to deeds, but so modified it that if plaintiffs are bound thereby they cannot prevail in this suit. The defendants claim that authority to so modify the 1924 contract was given by a resolution of the stockholders at a meeting held July 13, 1926, and that this resolution also authorized rescission of the original contract and a repurchasing from the vendors on different terms, which eliminated the obligation to give a warranty deed of a lot for each $5,000 stock subscription paid.

Both Bolla and Rosen were directors. At a directors' meeting held June 3, 1926, a motion was made and carried which provided for appointing a committee to investigate refinancing the company's

affairs "with power to act." Bolla opposed the motion, but evidently Rosen voted for it. However, nothing came of this effort. Following this, a notice of a stockholders' and directors' meeting was given for July 13, 1926. This notice recited that the meeting was called for the following purposes:

"To pass upon the advisability of executing a mortgage and promissory note on all of the assets of the company, including stockholders' lots, and to obtain a warranty deed to the property, and to rescind the land contracts heretofore entered into, and for the transaction of such other business as may properly come before the meeting."

A resolution was adopted at this meeting authorizing refinancing in the manner outlined in the notice, and the Union Trust mortgage following this corporate action was given August 3, 1926. But neither of plaintiffs attended the meeting of July 13th, nor appear to have taken any part in this rearrangement of the corporation's financial affairs. On and after October 28, 1926, plaintiffs attended stockholders' and directors' meetings, but the record discloses no action on the part of either that could be construed as acquiescing in the corporate action taken July 13, 1926. On the contrary, they, or at least Bolla, seem to have been rather insistent upon the execution and delivery of the deeds to their lots. At the October meeting it was resolved that the deeds to stockholders be issued. At a meeting December 20, 1926, it was resolved as above noted, that all the warranty deeds for lots owned by stockholders be recorded with the register of deeds. It was evidently in consequence of the foregoing that plaintiffs received the deeds of which they now complain.

As noted, the Union Trust Company mortgage is held for the benefit of defendants Reid, Nichols, and Hoyt. We think it clearly appears from the record that these defendants, prior to taking this mortgage in lieu of their former interest as vendors, had full knowledge of plaintiffs' right to have their lots released by the vendors in the Reid contract. There was sufficient compliance with the requirements of the statute of frauds (3 Comp. Laws 1929, § 13411) to enable plaintiffs to demand these deeds by embodying this provision in the contract. This was a vested property right. It could not be divested or taken away from plaintiffs by corporate action which they did not sanction. This was the holding of the circuit judge, who in his opinion succinctly sets forth the real situation as follows:

"In the final analysis we have a situation where men are induced to part with thousands of dollars upon promises made orally and in writing that they will receive a lot, free and clear, for a certain sum invested; that without their fault the promises have not been kept though they have performed on their part; that without their consent the property of the corporation, of which they are stockholders, including lots rightfully theirs, has been mortgaged and the mortgage given to the men who either made the promises or who knew of such having been made and who knew of plaintiffs' rights in such premises, and now, when plaintiffs are seeking that which has heretofore been denied them and which they have paid for, it is claimed that such promises though conclusively proven and evidenced are not enforceable ones."

The decree taken in the circuit court is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.